UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**NANCY ROSENFELDER**
**VANCE N. GARDNER JR.**

**COMPLAINT**
Index No.:

Plaintiff(s),
        -against-

**COUNTY OF ALLEGANY;**

Defendant(s).

---

Plaintiff(s), by and through their attorneys, David M. Giglio & Associates, LLC, , as and for a complaint, allege that:

### JURISDICTION AND VENUE

1.      Plaintiff(s) **NANCY ROSENFELDER**  (hereinafter referred to as "plaintiff(s)") owned real property situate in the of the County of **ALLEGANY,**  State of New York which is located in the Federal Court for the WESTERN District of  New York and the actions complained of herein occurred in the County of **ALLEGANY,** State of New York which is situate in the WESTERN District of New York.

2.      Plaintiff(s) **VANCE N. GARDNER JR.**  (hereinafter referred to as "plaintiff(s)") owned real property situate in the County of **ALLEGANY,**  State of New York which is located in the Federal Court for the WESTERN District of  New York and the actions complained of herein occurred in the County of **ALLEGANY,** State of New York which is situate in the WESTERN District of New York.

3.      The defendant **COUNTY OF ALLEGANY,** is a  political subdivision of the State of New York and is  located within the territorial limits of  WESTERN District of New York.

4.    Venue is proper in the WESTERN District of New York under 28 U.S.C. 1391(b)(1) and (2)  since all of the transactions giving rise to the claim occurred within the WESTERN District.

5.    The plaintiff(s) assert subject matter jurisdiction under 28 U.S.C. 1331 since these claims are brought pursuant to the United States Constitution 5th, 8th and 14th Amendments as well as 18 USC section 1983 over which original jurisdiction lies in this court pursuant to 42 U.S.C 1343.

6.    This court has supplemental jurisdiction over both legal and equitable claims in this Complaint arising under the laws of the State of New York ("state law claims") pursuant to 28 U.S.C. 1367 because the state law claims "arise out of a common nucleus of operative facts: with the federal claims over which this Court has original jurisdiction.

7.    The plaintiffs also seek attorney fees pursuant to 42 USC 1988.

## METHOD FOR TAKING PROPERTY WITHOUT JUST COMPENSATION PURSUANT TO NEW YORK LAW

8.    New York law RPTL 902, places an automatic lien on property each year that taxes are levied. This lien attaches regardless of delinquency, automatically.

9.    Specifically, RPTL 902 provides:

The amount of all taxes, special ad valorem levies and special assessments levied upon any parcel or real property by the board of supervisors shall, except as otherwise expressly provided by law, be and become a lien thereon as of the first day of January of the fiscal year for which levied and shall remain a lien until paid.

10.    Failure to pay the amounts owed results in a delinquent tax under RPTL 1102[2].

11.    "Delinquent tax" is defined by RPTL 1102[2] as "an unpaid tax, special ad valorem levy, special assessment or other charge imposed upon real property by or aon behalf

of a municipal corporation or special district, plus all applicable charges, relating to any parcel

which is included in the return of unpaid delinquent taxes prepared pursuant to section nine

hundred thirty six [936] of this chapter or such other general, special, or local law as may be

applicable."

12.     The aforementioned RPTL 936[2], as referenced in RPTL 1102[2], allows an

additional percentage to the delinquency amount:

> In making the return of unpaid taxes, the collecting officer shall add five per centum [5%] to the amount of each tax as levied. In the event that the collecting officer fails to do so, the county treasurer shall make such addition. In a county in which there is a local law in effect pursuant to section nine hundred twenty eight b [928(b)] or section nine hundred seventy two [972] of this chapter providing for the collection of taxes in installments, the five per centum [5%] provided by this section shall not be added to the taxes which a real property owner has elected to pay in installments pursuant to section nine hundred twenty eight b [928(b)] or section nine hundred seventy five [975] of this chapter. Such five per centum [5%] shall be added by the county treasurer to the amount of such taxes as provided in such local law. The amount of such added per centum shall thereafter be deemed part of the amount of the unpaid tax.

13.     Further, the applicable additional "charges" as referenced in the definition of

"delinquent tax" are pursuant to RPTL 1102:

> a.  The cost of mailing or service of notices required or authorized by this article; (b) the cost of publication of notices required or authorized by this title; c) the amount of interest and penalties imposed by law; (d) the cost of recording or filing legal documents required or authorized by this article; and (e) the reasonable and necessary cost of any search of the public record required or authorized to satisfy the notice requirements of this article, and the reasonable and necessary expenses for legal services of a tax district in connection with a proceeding to foreclose a tax lien; provided, that (i) a charge of one hundred fifty dollars per parcel shall be deemed reasonable and necessary to cover the combined costs of such services and legal expenses and such an amount may be charged without substantiation, even if salaried employees of the tax district performed the search or legal services; and (ii) a tax district may charge a greater amount with respect to one or more parcels upon

demonstration to the satisfaction of the court having jurisdiction that such greater amount was necessary and reasonable.

14.    If delinquent taxes (as described above being the principal and allowed additional charges and percentages) remain unpaid for ten (10) months from the lien date, the enforcing officer is required to file a list of delinquent properties with the County Clerk, per RPTL 1122.

15.    Specifically RPTL 1122 provides:

Ten months after lien date, or a soon thereafter as is practicable, but no sooner than one month after the receipt of the return of unpaid taxes, the enforcing officer of each tax district shall execute a list of all parcels of real property, except for those excluded from such list in the manner provided by section eleven hundred thirty-eight [1138] of this article, affected by delinquent tax liens held and owned by such tax district.

16.    Thereafter, when 11 additional months elapse without proper payment (that is a total of 21 months after the lien date), the enforcing officer is authorized to bring a foreclosure action on the property pursuant to RPTL 1123.

17.    Specifically, RPTL 1123 provides:

Twenty one months after lien date, or as soon thereafter is practicable, the enforcing officer shall execute a petition of foreclosure pertaining to those properties which remain subject to delinquent tax liens; provided, however, that in the case of property which is subject to three or four year redemption period, such petition shall be executed thirty three or forty five months after lien date, respectively, or as soon thereafter as is practicable.

18.    If the owner of the property fails to answer the foreclosure petition or fails to redeem the property by not paying all the delinquent taxes and charges and percentage by the expiration of the redemption period (governed by RPTL 1110), a judgment is entered pursuant to

RPTL 1123 and 1136, authorizing the divestiture of title of the property from the owner, and

authorizing the enforcing officer to file a deed taking full and complete title to the property from

the and transferring it to the Tax District.

19.    Specifically RPTL 1123 and 1136 provide:

Twenty one months after lien date, or as soon thereafter as is practicable, the enforcing officer shall execute a petition of foreclosure to those properties which remain subject to delinquent tax liens; provided, however, that in the case of property which is subject to a three year or four year redemption period, such petitions shall executed thirty three or forty five months after the lien date, respectively, or as soon thereafter as is practicable. 1123[1].

All persons… who may have had any right, title, interest, claim, lien or equity of redemption in or upon such parcel, shall be barred and forever foreclosed of all such right, title interest, claim, lien or equity of redemption. 1136[3].

20.    Upon taking title of the property from the owner, the Tax District may keep the

property for government use or is authorized by RPTL 1166 to sell the property.

21.    Specifically, RPTL 1166 provides:

Whenever any tax district shall become vested with the title to real property by virtue of a foreclosure proceeding brought pursuant to the provisions of this article, such tax district is hereby authorized to sell and convey the real property so acquired, which shall include any and all gas, oil or mineral rights associated with such real property, either with or without advertising for bids, notwithstanding the provisions of any general, special or local law.

**GOVERNMENTAL ACTIONS AND COLOR OF LAW**

25.    The collection in New York of property taxes and certain other obligations is

governed by New York State law.

26.    Bodies politic, political subdivisions, and/or tax districts in New York receive their

authority to make and levy taxes and other obligations, and to engage in collections of same

and disposition of the property taken in those collections and the proceeds derived

therefrom, pursuant to the laws of the State of New York and do so under the color of those

laws.

27.     New York law allows tax districts to foreclose on and take title to real property based on unpaid taxes or other obligations, NY RPTL 1102 et seq.

28.     This process provides that when real property taxes for an identified property have not been paid, the tax district's lien on the property is foreclosed.   That action is recorded as a public record and can be verified by those records.

29.     As a result, the tax district takes title to the subject property from the owner by the tax district

30.     As stated above, this constitutes a taking of the subject property from the owner by the tax district.

31.     That taking is a violation of the Fifth Amendment to the United States Constitution if just compensation is not paid.

32.     However, subsequent to these takings conducted by Defendant ALLEGANY County, through its tax enforcement officer, and taken under the authority of the State of New York, under color of those laws, the named Plaintiffs were not paid just compensation as required by the Fifth Amendment to the United States Constitution.

33.     Specifically, through the statutory scheme described above, the State of New York authorized not only the collection of taxes and other fees through the taking of the property, it authorized and perpetrated the taking of the equity in the property in excess of the amount owed by the property owner.

34. This New York State statutory authorization was exercised by the State of New York's bodies politic, political subdivisions, and tax districts, including the Defendants in this action.

35. Those powers were exercised in this case against the named Plaintiffs under the color of those laws.

36. The persons who undertake the ministerial steps to take and retain property, including the property of the named plaintiffs, did so solely and entirely through the 'authority' and color of the laws of the State of New York.

37. As is relates to the named Plaintiffs, their properties had a value in excess of the amount owed to the government for the taxes and/or other obligations for which the property was taken.

38. New York law, and the actions alleged herein taken under the color of that law, afforded the named Plaintiffs no opportunity to obtain that excess, and following sale they did not receive that excess.

39. The takings that are challenged by this action occurred when the named Plaintiffs properties were taken under the color of law for nonpayment of taxes or other obligations and sold, with proceeds in excess of the amount owed by the citizen or named Plaintiffs, but, acting again under color of law, that excess was not returned to the citizen or named Plaintiffs.

**VIOLATIONS OF THE UNITED STATES CONSTITUTION**

40.    In *Tyler v. Hennepin County*, the United States Supreme Court, in a 9-0 decision, 1) declared unconstitutional state laws like New York's that authorize and result in the practice of taking and retaining excess proceeds of tax foreclosures and tax sales; and 2) declared a violation of a citizen's constitutional rights where such takings occur. *Tyler v. Hennepin County (2023) 598 U.S. 631, 143 S.Ct. 1369.*

41.    The reasoning of the Tyler decision is straightforward.  The Constitution's Taking Clause prohibits the 'taking of property without just compensation."  U.S.Const., Amend 5. That prohibition applies to the federal government based on the Fifth Amendment, and state government through the Fourteenth Amendment. Tyler at 637-38.

42.    The prohibition is not against states enacting laws to collect taxes and other obligations, which is permitted to satisfy the citizen's taxes.  It is against taking more than is owed, as has happened in this case.  The government has the

> Power to sell [Plaintiffs'] homes to recover the unpaid property taxes. But it could not use the toehold of the tax debt to confiscate more property than was due.  By doing so, it effected a "classic taking in which the government directly appropriates private property for its own use." *Tahoe-Sierra Preservation Council, Inc. v Tahoe Regional Planning Agency*, 535 U.S. 302, 324 (2002). (internal quotation marks and alteration omitted).  [Plaintiff] has stated a claim under the Takings Clause and is entitled to just compensation.

*Tyler* at 639.

8

**NEW YORK STATUTES WHICH CREATED AND RESULTED IN THIS TAKING VIOLATION**

43.    During the time periods for all alleged transactions in this complaint, the laws of the State of New York create the authority, and thereby the color of law, for retaining proceeds from foreclosed or seized property, in excess of the amount owed by the citizen.

44.    For all relevant time periods pertaining for each alleged transactions in this complaint, New York Real Property Tax Law, Chapter 50-a, Article 11 ("Article 11") provides (in violation of both the New York and U.S. Constitution) that proceeds from the sale of foreclosed property may be kept, in excess of taxes owed.

45.    This violates the Takings Clause.

46.    Further, during the relevant time periods of each alleged transaction in this complaint, NY RPTL 1136[3] provided for seizure of foreclosed property and thereupon grants title to the government in fee simple, so that "all persons … who may have had any right, title, interest, claim, lien or equity of redemption in or upon such parcel, shall be barred and forever foreclosed of all such right, title, interest, claim, lien or equity of redemption."

47.    This creates the constitutional violation here, because that the citizen's property is foreclosed in a way that the citizen loses all right to the property, including any property value in excess of the taxes owed by the individual to the taxing entity. *Hoge v. Chautauqua County*, 173 A.D.3d 1731, 104 N.Y.S.3d 813 (4th Dept. 2019).

9

48.    The subject conduct in this action further violates the United States constitutional ban against excessive fines.  The Eighth Amendment of the United States Constitution provides:  "Excessive bail shall not be required, nor excessive fines imposed."

## BACKGROUND FACTS ON DEFENDANTS TAKING OF PLAINTIFFS' PROPERTIES WITHOUT JUST COMPENSATION AND GENERAL SUPPORTING ALLEGATIONS

49.    **VANCE N. GARDNER JR.** owned real property situate at 6012 Hamilton Hill Road in the Town of Alfred which is situate in the County of ALLEGANY  and may also be identified as Tax Map 152.-1-18.1.  See Exhibit A, attached hereto and incorporated herein.

50.    Pursuant to and under color of the laws of the State of New York, to wit, NY  Real Property Tax Law 1102 et seq. the County of ALLEGANY moved for an Order and Judgment of Foreclosure in Supreme Court, ALLEGANY County  with respect to several parcels of real property, including the Garnder premise, which the Court granted on or about April 4, 2023.  See, Exhibit B, attached hereto and incorporated herein.

51.    Pursuant to the Judgment of Foreclosure, and pursuant to NY RPTL 1102 et seq; Sec 1132; and/or; Sec. 1194, inter alia the County of ALLEGANY took title to the Gardner premise on or about April 5, 2023.  See, Exhibit C, attached hereto and incorporated herein.

52.    The foreclosure of the property, simpliciter, is not challenged by this lawsuit.

53.     On or about May 24, 2023 the County of ALLEGANY sold the premises known as 6012 Hamilton Hill Road for a sum of $29,800.00 (Twenty Nine Thousand Eight Hundred Dollars).  See Exhibit D, attached hereto and incorporated herein.

54.     Upon information and belief, plaintiffs **NANCY ROSENFELDER** owned real property situate at 4006 Young Road in the Town of Cuba which is situate in the County of ALLEGANY  and may also be identified as Tax Map 193.-1-24.2.  See Exhibit E, attached hereto and incorporated herein.

55.     Pursuant to and under color of the laws of the State of New York, to wit, NY  Real Property Tax Law 1102 et seq. the County of ALLEGANY moved for an Order and Judgment of Foreclosure in Supreme Court, ALLEGANY County  with respect to several parcels of real property, including the Rosenfelder premises, which the Court granted on or about April 4, 2023.  See, Exhibit B, attached hereto and incorporated herein.

56.     Pursuant to the Judgment of Foreclosure, and pursuant to NY RPTL 1102 et seq; Sec 1132; and/or; Sec. 1194, inter alia the County of ALLEGANY took title to the Rosenfelder premises on or about April 5, 2023.  See, Exhibit C, attached hereto and incorporated herein.

57.     The foreclosure of the property, simpliciter, is not challenged by this lawsuit.

58.     On or about June 24, 2022 the County of ALLEGANY sold the premises known as 4006 Young Road for a sum of $9,600.00 (Nine Thousand Six Hundred Dollars).  See Exhibit F, attached hereto and incorporated herein.

59.     The sale of each of the premises herein produced surplus equity, being an excess

above and beyond the amount lawfully owed by each of the Plaintiffs for delinquent taxes and charges. The retention of that excess was a taking under the 5th Amendment, and was committed without providing just compensation, in violation of the U.S. Constitution.

60. Acting under the color of state law, that excess was not returned to each of Plaintiffs, which was an unlawful taking, and plaintiffs was given no opportunity or ability to receive that excess and have been denied just compensation, all in violation of the U.S. Constitution, for which this suit seeks relief.

## COUNT I

### TAKING OF  PRIVATE PROPERTY WITHOUT A VALID PUBLIC USE  IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

61. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

62. The conduct of the Defendant ALLEGANY County as alleged herein, resulted in the taking of the property of each of the named Plaintiffs under the color of state law.

63. By the conduct as alleged herein, the Defendant ALLEGANY County took the property of each of the named Plaintiffs without just compensation.

64. The property of each of the named Plaintiffs was taken both physically, and under the color of law, depriving each of the named Plaintiffs their right, title and interest to same.

65. Defendant ALLEGANY County took property of each of the named Plaintiffs and sold same and received the proceeds of such sale.

12

66.     The proceeds from the sale of the property of each named Plaintiff exceeded the amount owed for taxes or other charges for which the property was seized and taken.

67.     Defendant ALLEGANY County has not given any of the named Plaintiffs those excess monies.

68.     As a direct and proximate result of the foregoing, each of the named Plaintiffs has not received just compensation for the property seized and taken from them.

69.     Defendant, ALLEGANY County has not provided each of the named Plaintiffs adequate procedure to seek just compensation for the taking of their surplus proceeds.

70.     Each of the named Plaintiffs has been harmed and damaged by the foregoing, including but not limited to their loss of their surplus equity, for which they demand and are entitled to, just compensation relief under law and equity.

## COUNT II

### DEFENDANTS ARE IN VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

71.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

72.     The seizure and taking of the property of each of the named Plaintiffs was in response to the failure of each of the named Plaintiffs to pay taxes or other obligations owed

13

to the government.

73.    New York law, including the provisions cited above, were enacted, at least in part, to deter the non-payment of taxes owed the government.

74.    Defendant ALLEGANY County took their actions alleged herein in furtherance of that purpose.

75.    The amounts collected from each of the named Plaintiffs through the taking and keeping the excess, had no correlation to the amount owed to the government.

76.    The seizure and taking alleged herein was conducted under color of state law, as averred above.

77.    The seizure and taking of the excess equity as alleged herein was a violation of the Eighth Amendment to the United States Constitution's prohibition against excessive fines.

78.    As a direct and proximate result, each of the named Plaintiffs suffered injury, harm and damage, including at minimum the loss of excess equity, for which they demand, and are entitled to, relief in law and equity.

## COUNT III

### DEFENDANTS HAVE BEEN UNJUSTLY ENRICHED BY THE SEIZURE OF PLAINTIFFS EQUITY IN THEIR REAL PROPERTY

79.    Plaintiffs repeat and reallege each of the allegations contained in this complaint.

80.    Defendant, ALLEGANY County has been enriched at the expense of each of the

named Plaintiffs.

81.    Defendant, ALLEGANY County has received money or value to which they are not entitled.

82.    Defendant, ALLEGANY County was enriched when they sold the properties of each of the named Plaintiffs and collected and retained the surplus proceeds from those sales.

83.    Defendant, ALLEGANY County is not entitled to the surplus proceeds because each of the named Plaintiffs are "entitled to the surplus in excess of the debt owed" to the Defendant ALLEGANY County, *Tyler,* 598 U.S.631 at 642.

84.    By taking the value of each of the named Plaintiffs' properties, both individually and collectively, Defendant ALLEGANY County took more than was required to satisfy a tax debt, forcing each of the named Plaintiffs to make a greater contribution  to ALLEGANY County than they owed.

85.    It is against equity and good conscience to permit Defendant ALLEGANY County to retain those excess proceeds.

86.    For the foregoing reasons, each of the named Plaintiffs is owed restitution in the amount of the excess proceeds collected by Defendant, ALLEGANY County.


    **WHEREFORE,** plaintiff,  **VANCE N. GARDNER JR.** demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs, attorney fees, and disbursements of this action and such other and further relief as to the Court seems just and proper.

15

**WHEREFORE,** plaintiff,  **NANCY ROSENFELDER,** demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs, attorney fees and disbursements of this action and such other and further relief as to the Court seems just and proper.

DATED: March 19, 2026                     DAVID M. GIGLIO & ASSOCIATES, LLC


By:     /s/ David Giglio
        David M. Giglio & Associates, LLC
        David M. Giglio
        Attorneys for plaintiff(s)
        13 Hopper Street
        Utica, NY 13501
        Tel. (315) 797-2854
        davidgigliolaw@yahoo.com